■ In the Matter of CITY OF NEW YORK, ESSEX-LINWOOD URBAN RENEWAL AREA FIRST AMENDED PLAN. CITY OF NEW YORK, Appellant; ALEXANDER FISCHER, Respondent. [734 NYS2d 494] —In a condemnation proceeding, the condemnor, City of New York, appeals (1) from an order of the Supreme Court, Kings County (Scholnick, J.), dated December 20, 1999, which granted the motion of the claimant, Alexander Fischer, for a determination that any real estate taxes due with respect to the subject premises are subordinate to his mortgage lien on the condemnation award, to direct the City to make an advance payment to him without reduction for real estate taxes, and to direct the City to comply with certain discovery demands, and (2), as limited by his brief, from so much of an order of the same court dated October 12, 2000, as, upon reargument, adhered to the disclosure provisions of the original determination.

Ordered that the appeal from so much of the order dated December 20, 1999, as pertains to discovery is dismissed, as that portion of the order was superseded by the order dated October 12, 2000, made upon reargument; and it is further,

Ordered that the order dated December 20, 1999, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated October 12, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the claimant is awarded one bill of costs.

We agree with the Supreme Court that the language employed by the condemnor, City of New York (hereinafter the City), in the subordination clause of a land-development agreement concerning the subject property was sufficient to encompass and subordinate its claim for unpaid real estate taxes to the mortgage lien of the claimant, Alexander Fischer. Indeed, the very purpose of the clause was to facilitate the financing giving rise to such mortgage. In light of this determination, we need not decide what effect, if any, in rem tax proceedings concerning the property had on the City's claim for unpaid real estate taxes (*see,* Administrative Code of City of NY § 11-353; *City of Buffalo v Cargill, Inc.,* 44 NY2d 7).

The City's remaining contentions are without merit. Ritter, J. P., Feuerstein, Townes and Prudenti, JJ., concur.